UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.K. and P.K., individually and on behalf of their minor disabled daughter, H.K.,<br><br>Plaintiffs,<br><br>v.<br><br>New York City Department of Education and Kamar Samuels<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 26-02524

COMPLAINT

## **COMPLAINT**

Plaintiffs A.K. and P.K., individually, and on behalf of their daughter, H.K., by and through their duly authorized attorneys, Mayerson & Associates, as and for their Complaint against the Defendants, the New York City Department of Education and Kamar Samuels, allege and state the following:

### PRELIMINARY STATEMENT

This is an action commenced by the Plaintiffs for an award of attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i). Plaintiffs are the prevailing parties in administrative proceedings commenced against the Defendants referenced herein pursuant to the Individuals with Disabilities Education Improvement Act, which guarantees a free and appropriate public education to eligible students with disabilities that is tailored to meet their individual needs.

Plaintiffs prevailed in hearings conducted over the course of nearly a year, from the date of the filing of the demand for due process in April 2022 to the date of the decision in Plaintiff's

favor in March 2023. At trial, the parties collectively prepared and submitted evidence consisting of eighteen exhibits and testimony of two witnesses. The Plaintiffs were represented throughout the proceedings by counsel with decades of experience in prosecuting special education administrative lawsuits. At all relevant times, Defendants opposed Plaintiff's claims for relief and were represented by experienced counsel in the proceedings.

## PARTIES

1. Plaintiff H.K., the daughter of A.K. and P.K., is now 13 years old and is classified with a qualifying learning disability.

2. There is no dispute as to H.K.'s classification nor her entitlement to and need for special education services and a "free and appropriate public education" (hereinafter, "FAPE").

3. Plaintiffs were at all relevant times residents of New York City and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act (hereinafter, "IDEA"), 20 U.S.C. § 1400, *et seq*., the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and part 200 of the Commissioner's Regulations.

4. Although known to the Defendants, Plaintiffs are not expressly named herein by their given names because of the privacy guarantees provided in IDEA and the Family Educational Rights Privacy Act of 1974, 20 U.S.C. Sec.1232(g) and 34 C.F.R. Sec. 99.

5. Defendant New York City Department of Education ("DOE"), upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the local education agency ("LEA") charged with the obligation to provide disabled students with a FAPE.

6. Defendant Kamar Samuels ("Samuels" and collectively, with DOE, "Defendants") is the current Chancellor of the DOE. The principal offices of DOE and Samuels are located at 52 Chambers Street, New York, NY 10007 and at other locations in New York.

### THE RELIEF BEING SOUGHT

7. This action is brought on behalf of Plaintiffs pursuant to the fee shifting provisions of the IDEA, of 20 U.S.C. § 1400, *et seq.*, and, in particular, 20 U.S.C. § 1415.

8. This action follows an administrative trial pertaining to the 2020-2021 school year that culminated in an impartial hearing officer's decision, on the merits, dated March 29, 2023, in the Plaintiffs' favor. The hearing officer's decision is now final and non-appealable.

### JURISDICTION AND VENUE

9. This Court, pursuant to 20 U.S.C. Sec. 1415(i)(2) and (3), 34 C.F.R. Sec. 300.516 and 300.517, 28 U.S.C. Sec. 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy, as Plaintiffs clearly emerged from the underlying trial as the "prevailing party."

10. Venue is properly placed in that, during all relevant times, Plaintiffs and Defendants resided in or were situated within this judicial district.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

11. Pursuant to the IDEA, as well as New York State Education law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability.

12. The FAPE required under the IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

13. On April 21, 2022, Plaintiffs prepared and filed an eleven-page demand for due process, thereby initiating an administrative due process proceeding against the Defendants alleging that the DOE failed to provide H.K. with a FAPE, as required by the IDEA, by not providing H.K. with appropriate educational services for 2020-2021 school year.

14. In the demand for due process, Plaintiffs invoked pendency entitlements, sought tuition funding and reimbursement from the Defendants for the placement of H.K. at a private school, and reimbursement of costs for transportation to the school.

15. Following the demand for due process, an experienced impartial hearing officer ("IHO"), Steven P. Forbes, was appointed.

16. The parties prepared for and attended several hearings in these proceedings, including a pre-hearing conference and a hearing for the trial on October 24, 2022, February 15, 2023, March 28, 2023.

17. After trial preparation and "five-day disclosures," Plaintiffs and their highly experienced counsel put on H.K.'s case.

18. The record closed on March 29, 2023, and consisted of 18 exhibits, the sworn testimony of two witnesses presented by Plaintiffs, and hearing transcripts.

19. In a twenty-three page "Findings of Fact and Decision," dated March 29, 2023, in a decisive victory for the Plaintiffs, the IHO found that the Defendants failed to provide H.K. with a FAPE for the 2020-2021 school year and ordered the Defendant DOE to pay, or reimburse any costs related to, H.K.'s tuition for the 2020-2021 school year.

20. Plaintiffs are therefore the "prevailing party" and are entitled to their reasonable attorney fees and costs, as fixed by the Court after applying the applicable *Johnson* factors and

consideration of current market rates for attorneys in this district and the number of hours a reasonable attorney would spend to litigate the case effectively.

21. This action is timely brought, as there is an applicable *three-year* statute of limitations as to fee claims.

22. Under the fee-shifting provisions of the IDEA statute, A.S. and his parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, in the sum of not less than $15,817.50, plus any additional fees, costs and interest as the Court may allow for fees and costs recorded in this action and related to the recovery of appropriate attorney's fees (approximately $2,000)

23. Plaintiffs and their counsel attempted to resolve and compromise the fee claim administratively with the Defendants so as not to have to burden or inconvenience the Court.

24. Defendants did not extend an offer, despite numerous follow up attempts made by Plaintiffs. Thus, the instant action is being filed to preserve Plaintiffs' entitlement to recover attorneys' fees, the filing fee, and other recoverable costs.

### CONCLUSION

WHEREFORE, by reason of the foregoing, Plaintiffs respectfully request that the Court:

a) Declare Plaintiffs to be the "prevailing party" in the underlying administrative proceedings commenced pursuant to the Individuals with Disabilities Education Improvement Act;

b) Award Plaintiffs' attorney fees, related costs and disbursements from the IDEA due process proceedings, the costs and attorney fees in preparing and filing this action, presently in the sum of not less than $15,817.50, plus any additional fees, costs and interest as the Court

may allow for fees and costs recorded in this action and related to the recovery of appropriate attorney's fees (approximately \$2,000); and

c) Award such other further relief as the Court deems just and proper.


Date:   March 27, 2026

*/s/ Gary S. Mayerson*

_____

Gary S. Mayerson
Mayerson & Associates
Attorneys for Plaintiffs
200 W. 41st Street, 17th Floor
New York, New York 10036
212-265-7200
212-265-1735 (facsimile)

ATTENTION: We request that all funds awarded be delivered electronically by the Comptroller Office's EFT payment process. All mailings should be sent to P.O. Box 230068, New York, NY 10023.